{¶ 26} I respectfully dissent from the opinion of the majority. Although "payment of a judgment may constitute proof of mootness or abandonment of the appeal," a satisfaction of judgment alone does not constitute a voluntary abandonment of the appeal.[2] Thus, before dismissing an appeal as moot based on the payment of a judgment and the subsequent filing of a satisfaction of judgment, there must be other proof that appellant voluntarily abandoned his or her right of appeal.[3]
 {¶ 27} In this case, after filing an appeal, appellant accepted payment of the judgment from Daniel Brothers and filed a satisfaction of judgment with the trial court. There is, however, no proof that appellant voluntarily abandoned her right to appeal. To the contrary, the satisfaction of judgment document itself states that payment was accepted "without prejudice to plaintiff's pending appeal." Therefore, the evidence before this court is that appellant clearly intended to maintain her pending appeal even though she accepted the payment and subsequently filed the satisfaction of judgment. Thus, I would hold that appellant did not voluntarily abandon her right to appeal by accepting the payment and filing the satisfaction of judgment. Instead of dismissing this case on mootness grounds, as the majority does, this court should address the merits of Kogler's assignments of error.
 {¶ 28} Accordingly, I must dissent.
[2] Fed. Land Bank of Louisville v. Wilcox (1991), 74 Ohio App.3d 474,478.
[3] Id.